Filed 3/25/22  P. v. Duke CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B300430 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA057733) |
| v. | |
| JONATHAN DAVEILO DUKE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Remanded with instructions.

Rebecca P. Jones, under appointment by the Court of Appeal; Spolin Law, Aaron Spolin and Caitlin Dukes for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Idan Ivri and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court denied defendant and appellant Jonathan Daveilo Duke's petition under Penal Code[1] section 1170.95 for resentencing on his murder conviction. We affirmed the decision, but after the Legislature enacted Senate Bill No. 775 (2021−2022 Reg. Sess.) (Senate Bill No. 775), which changed the rules of evidence and the standard of proof for determining resentencing petitions, the Supreme Court ordered us to vacate our opinion and reconsider the case in light of the new law. We now reverse the trial court's decision and remand for a new hearing.

## FACTS AND PROCEEDINGS BELOW

In 2013, a jury convicted Duke of first degree murder in 2013 for his role in the killing of Victor Enriquez. Duke's cohort Alfred Crowder stabbed Enriquez to death while Duke stood guard.[2]

While Duke's appeal was pending, the Supreme Court in *People v. Chiu* (2014) 59 Cal.4th 155 held that "an aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine. Rather, his or her liability for that crime must be based on direct aiding and abetting principles." (*Id.* at pp. 158–159.) Under *Chiu*, a defendant could be convicted of no more than second degree murder under the natural and probable consequences doctrine. (*Id.* at p. 166.) Duke's jury received instructions allowing it to convict Duke of first degree murder either as a direct aider and

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] We described the facts of the case in detail in our prior opinion in Duke's direct appeal. (*People v. Duke* (Jan. 17, 2017, B264579) [nonpub. opn.] (*Duke I*).)

abettor or under the natural and probable consequences doctrine. Because we could not be certain which theory the jury relied on to convict Duke, we reversed his conviction and offered the prosecution the option either to accept a reduction in Duke's conviction to second degree murder, or to retry him for first degree murder. (*Duke I, supra,* B264579.) The prosecution chose the former option, and the court sentenced Duke to 15 years to life in prison. Duke filed a new appeal to challenge the court's calculation of his credit for time served. The trial court corrected the calculation, and we affirmed. (*People v. Duke* (May 1, 2018, B283598) [nonpub. opn.] (*Duke II*).)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The legislation also enacted section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Duke filed a petition for resentencing under section 1170.95 on January 2, 2019. The trial court appointed counsel to represent Duke, obtained briefing from both sides, and found that Duke had made a prima facie case that he was entitled to relief. After a final eligibility hearing (see § 1170.95, subd. (d)(3)), the court denied the petition, finding "beyond a reasonable doubt that there was sufficient evidence presented to show" that Duke acted with the intent to kill in assisting Crowder in the murder.

Duke again appealed, contending that the court applied the wrong standard in denying his petition.  We affirmed, concluding that the trial court should deny a defendant's petition if there was substantial evidence that he was guilty of murder under a still-valid theory.  (*People v. Duke* (Sep. 28, 2020, B300430) [opn. ordered nonpub. Nov. 23, 2021, S265309] (*Duke III*).)  The trial court did not use precisely the correct language in rendering its decision,[3] but we held that it applied the correct standard.  (*Ibid.*)

In 2021, while Duke's petition for review was pending before the Supreme Court, the Legislature enacted Senate Bill No. 775, which amended the subdivision of section 1170.95 dealing with final eligibility hearings.  Previously, the prosecution bore the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (Former § 1170.95, subd. (d)(3).)  Under the new version of the law, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by" Senate Bill No. 1437.  (§ 1170.95, subd. (d)(3).)  In addition, Senate Bill No. 775 created new restrictions on the evidence admissible in eligibility hearings under section 1170.95, subdivision (d)(3).  The Supreme Court directed us to vacate our decision and reconsider Duke's case in light of this new law.

---

[3] In particular, the court erred by viewing the case as one involving felony murder rather than the natural and probable consequences doctrine.  We determined that this error was harmless, however, because in adjudicating the case, the court necessarily determined that there was sufficient evidence that Duke acted with malice in the murder.

4

# DISCUSSION

Both sides agree that the trial court, in deciding Duke's petition under a substantial evidence standard, failed to apply the standard of proof required under section 1170.95, subdivision (d)(3) as amended by Senate Bill No. 775. The Attorney General contends that we should nevertheless affirm the denial of the petition as harmless error. We disagree. The parties also disagree as to the scope of the prosecution's burden of proof at the eligibility hearing. The Attorney General argues that the prosecution must show only that Duke had the requisite mental state for murder under the new law, but Duke argues that the prosecution must prove all the elements of murder beyond a reasonable doubt. We decline to answer this question on the ground that it is not ripe.

## A. *Background on Senate Bills No. 1437 and No. 775*

Prior to the enactment of Senate Bill No. 1437, a defendant who did not personally kill a victim could be guilty of murder either as a direct aider and abettor or under the natural and probable consequences doctrine. A direct aider and abettor intends to assist the killer in committing murder. A defendant guilty under the natural and probable consequences intends to assist the killer in some other target crime. If the killing was the natural and probable consequence of the target crime, the defendant could be convicted of murder even if he did not intend or participate in the killing. (*Chiu*, *supra*, 59 Cal.4th at p. 164.) Senate Bill No. 1437 amended section 188 to provide that, in order to be guilty of murder, a principal must "act with malice aforethought," and that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018,

5

ch. 1015, § 2, p. 6675; *In re R.G.* (2019) 35 Cal.App.5th 141, 144.) In this way, the law eliminated the natural and probable consequences doctrine in cases of murder. (*Gentile*, *supra*, 10 Cal.5th at pp. 842–843.)

Senate Bill No. 775 does not change this aspect of the law, nor does it change the basic procedure by which a defendant who was convicted of murder under the natural and probable consequences doctrine may seek resentencing. A defendant must file a petition for resentencing stating, among other requirements, that he "could not presently be convicted of murder . . . because of" the recent changes to the law. (§ 1170.95, subd. (a)(3).) The trial court must determine whether the defendant has made a prima facie case for relief, and if so, must issue an order to show cause. (§ 1170.95, subd. (c).)

At this point, the trial court must hold a final hearing to determine whether the defendant is entitled to resentencing. (§ 1170.95, subd. (d)(3).) Senate Bill No. 775 amends both the evidentiary rules and the standard of proof at this hearing. Under subdivision (d)(3) as amended, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." The previous version of the subdivision included none of these requirements. Furthermore, and most germane to this case, under the new version of the statute, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" as that crime

is defined under Senate Bill No. 1437. (§ 1170.95, subd. (d)(3).) Previously, the prosecution was required to prove only "that the petitioner is ineligible for resentencing." (Former § 1170.95, subd. (d)(3).)

The trial court denied Duke's petition for resentencing on the ground that there was substantial evidence that he acted with the intent to kill. We affirmed the decision because, as we interpreted the former version of section 1170.95, subdivision (d)(3), this was sufficient to support denying a petition. (*Duke III*, *supra*, B300430 [opn. ordered nonpub. Nov. 23, 2021, S265309].) Under the new version of section 1170.95 as amended by Senate Bill No. 775, that is not the case: "[T]he plain text of the statute requires the trial judge to sit as a fact finder, not as a quasi-appellate court." (*People v. Clements* (2022) 75 Cal.App.5th 276, 295 (*Clements*).)

## B. *Harmless Error*

The Attorney General concedes that the trial court failed to act as an independent factfinder in denying Duke's petition, but argues that this error was harmless.[4] We do not disagree with the Attorney General's assessment that there is strong evidence that Duke was a direct aider and abettor, and thus that he

---

[4] The Attorney General also contends that Senate Bill No. 775 does not apply retroactively under the doctrine of *In re Estrada* (1965) 63 Cal.2d 740. We need not decide this question because, even assuming the Attorney General is correct, nothing would prevent Duke from filing a new petition for resentencing under the amended law. It is in the interest of judicial economy to remand the case for a new hearing under section 1170.95, subdivision (d)(3), rather than to require all parties to restart the process with a new petition.

remains guilty of murder and is ineligible for resentencing. But in our previous opinion in *Duke I*, we held that "we cannot conclude beyond a reasonable doubt that a rational jury would have found Duke guilty on a theory of direct liability." (*Duke I*, *supra*, B264579.) No subsequent court has found beyond a reasonable doubt that Duke is guilty of murder under a still-valid theory. In light of these circumstances, we do not see how we could avoid concluding that the denial of the petition prejudiced him under any standard of review.

### C. *Scope of Proceedings on Remand*

The parties disagree about the scope of the proceedings upon remand. The Attorney General argues that an eligibility hearing under section 1170.95, subdivision (d)(3) is not a new trial, and that the prosecution's sole burden is to prove that the defendant's mental state was sufficient to meet the definition of murder as amended by Senate Bill No. 1437. In other words, according to the Attorney General, the prosecution must prove that Duke acted with malice as a direct aider and abettor, and need not prove beyond a reasonable doubt other issues that might have been contested at the original trial, such as questions of identity or causation. Duke disagrees and argues that section 1170.95, subdivision (d)(3), which places the burden on "the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law," requires the prosecution to prove all elements of murder.

We decline to answer this question because the controversy is not ripe. We agree that, "in a section 1170.95 petition, the trial judge isn't charged with holding a whole new trial on all the elements of murder. Instead, the parties will focus on evidence

8

made relevant by the amendments to the substantive definition of murder." (*Clements*, *supra*, 75 Cal.App.5th at p. 298.) Furthermore, we recognize that the jury, in convicting Duke, necessarily found all the elements of murder true beyond a reasonable doubt, and that Senate Bills No. 1437 and No. 775 change nothing about the definition of murder apart from the application of the felony-murder and natural and probable consequences doctrines. Nonetheless, to attempt to decide these issues raised by the parties now, in the absence of a specific dispute regarding their application, would be premature.

## DISPOSITION

The trial court's order denying the petition is reversed. On remand, the court shall hold a new eligibility hearing under section 1170.95, subdivision (d)(3).

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

CRANDALL, J.*

---

* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.